UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANMOLDEEP SINGH,

Plaintiff,

v.

U.S. Citizenship and Immigration Services, et al.,

Defendants.

Case No. 1:26-CV-04734-KES-FJS

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF SERVICE DEADLINE AND TO CONTINUE MANDATORY SCHEDULING CONFERENCE

(ECF No. 5)

ORDER CONTINUING THE NOVEMBER 3, 2026, SCHEDULING CONFERENCE

## I. BACKGROUND

On June 19, 2026, Plaintiff Anmoldeep Singh ("Plaintiff") filed a complaint[1] for mandamus, injunctive, and declaratory relief against Defendants U.S. Citizenship and Immigration Services ("USCIS"), Joseph B. Edlow, Director of USCIS, the U.S. Department of Homeland Security ("DHS"), Markwayne Mullin, Secretary of DHS, and Dustin Stubbs, Fresno Field Office Director of USCIS (collectively "Defendants"), all of whom are federal agencies or

[1] Plaintiff's motion for extension of time to effect service (ECF No. 5), consistently avers that his complaint was filed on June 7, 2026. (*See generally* ECF No. 5.) Yet review of Plaintiff's verified complaint for mandamus, injunctive, and declaratory relief, reveals that the complaint/writ was actually filed on June 19, 2026. (*See* ECF No. 1.) The only document filed in this matter on July 7, 2026, was the summonses as to all Defendants issued by the Clerk of the Court. (ECF No. 3.)

officials sued in their official capacities. (ECF No. 1.) On June 7, 2026, the clerk of the court issued a summons as to all five of the named Defendants. (ECF No. 3.)

On September 24, 2026, Plaintiff, pursuant to Federal Rule of Civil Procedure 4(m), mailed documents to the United States Department of Justice in Washington, D.C. (ECF No. 5 at 2.) It was around this time that Plaintiff "determined that additional service was required under Federal Rule of Civil Procedure 4(i), including service upon the United States Attorney for the Eastern District of California and the named federal agencies and officials." (*Id.*)

On October 19, 2026, Plaintiff took "corrective action" and mailed a summons, complaint, and accompanying materials through certified mail to each of the named federal Defendants. (*Id.*)

On October 20, 2026, Plaintiff filed the pending motion for extension of time to complete service of process and request to continue the mandatory scheduling conference. (*See generally* ECF No. 5.) To ensure that these "corrective service efforts" were effective, Plaintiff requests that this court extend the deadline for completing service of process through November 15, 2026. (*Id.* at 5.)

As of the date of this order, Defendants have not yet appeared or filed responsive pleadings.

## II. LEGAL STANDARD

"The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If, however, a plaintiff shows good cause for the failure to serve the complaint within that time frame, the court must extend the time for accomplishing service. Fed. R. Civ. P. 4(m). "District Courts have broad discretion to extend time for service under Rule 4(m)." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). The burden of establishing good cause is on the plaintiff. *Id.* at 1040. The "good cause" exception to Rule 4(m) applies "only in limited

circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules." *Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992), *overruled in part on other grounds*, *Saucier v. Katz*, 533 U.S. 194 (2001).

"In the absence of good cause, district courts should consider several equitable factors in the exercise of their discretion." *Lien v. City of San Diego*, No. 21-cv-224-MMA-WVG, 2023 WL 2394548, at *4 (S.D. Cal. Mar. 6, 2023) (citing *Efaw*, 473 F.3d at 1041). Factors the court may consider include "a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw*, 473 F.3d at 1041 (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)).

III. <u>DISCUSSION</u>

As an initial matter, Petitioner commenced this litigation on June 19, 2026, and thus had until September 19, 2026, to ensure that all Defendants were served with a copy of the summons and complaint in compliance with the Rule 4 of the Federal Rules of Civil Procedure and this court's Local Rules. Fed. R. Civ P. 4; *see also* E.D. Cal. L.R. 134, 210.

The fact that Plaintiff waited until September 24, 2026, to utilize a process server to mail "documents relating to the action" is, therefore, not well taken. (ECF No. 5 at 2.) Likewise, the fact that Plaintiff waited until October 19, 2026, to take "corrective action to address the outstanding service requirements" is not well taken. (*See* ECF No. 5 at 2 ("Plaintiff subsequently determined that additional service was required under Federal Rule of Civil Procedure 4(i)); *see also id.* at 4.) With this context, the court now turns to Plaintiff's October 20, 2026, request for an extension of time to complete service. (*See* ECF No. 5.)

Under Local Rule 144(d), counsel must seek to obtain a necessary extension of time from "the [c]ourt or from other counsel or parties in an action as soon as the need for an extension becomes apparent." E.D. Cal. L. R. 144(d). "Requests for [c]ourt-approved extensions brought on the required filing date … are looked upon with disfavor." *Id.* Here, Petitioner did not seek an extension of time to complete service of process until roughly a month after the Rule 4(m)

deadline had passed[2]. Plaintiff's motion does not otherwise explain why he failed to ensure that his first attempt at service complied with Rule 4(i) of the Federal Rules of Procedure. Instead, Plaintiff vaguely states that, on September 24, 2026, five days after the Rule 4(m) deadline, he determined that "additional service was required[.]" (ECF No. 5 at 2.)

Yet unlike other cases where a party entirely fails to effectuate service of process or make corrective efforts, Plaintiff has—without the court's intervention—undertaken good faith efforts to cure and complete proper service of process on all Defendants. *See Carbajal v. Food Servs.,* No. EDCV20-1029-PA (AS), 2023 WL 4680372, at *2 (C.D. Cal. June 14, 2023) (recommending dismissal of action without prejudice where plaintiff had nearly six months of notice of his obligation to timely effect service but failed to complete service), *report and recommendation adopted*, No. EDCV 20-1029-PA (AS), 2023 WL 4684900 (C.D. Cal. July 20, 2023). Although Plaintiff attempted service on September 24, 2026, and again on October 19, 2026, there is currently no indication that Defendants have actually received notice of this action. (ECF Nos. 5-1 at 2, 5-2, 5-3.) As of the date of this order, none of the Defendant have appeared in this action or filed any responsive pleading. Accordingly, the court finds that the risk of prejudice in granting Plaintiff's request for an extension is low. *Efaw*, 473 F.3d at 1041.

While Plaintiff's proffer of good cause is weak, in the absence of prior notice from the court regarding service errors in this case, the court finds it appropriate to grant Plaintiff additional time to complete service on all Defendants. *See Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (requiring district courts to give notice to plaintiff before dismissing under Rule 4(m)). For these reasons, the court will grant Plaintiff's motion for an extension of time to complete service of process (ECF No. 5) and will direct Plaintiff to file any additional proofs of service on the docket no later than two weeks from the date of this order. *See Valdez v. City of Whittier*, No. 2:23-cv-4668-SPG-KS, 2024 WL 1136322, at *1 (C.D. Cal. Jan. 19, 2024) ("The court may even extend time for service retroactively after the Rule 4(m) service period has

---

[2] Even if this court were to accept Plaintiff's contention that the ninety (90) day window under Rule 4(m) began on July 7, 2026, thereby making October 5, 2026, the deadline to effectuate service, Plaintiff's motion for an extension of time and corrective efforts are still overdue.

expired.") (citing *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003)). The court will also continue the November 3, 2026, deadline to ensure that Defendants have ample time to make an appearance in this matter and file any responsive pleading.

IV. CONCLUSION AND ORDER

For the reasons stated above, the court HEREBY ORDERS that Plaintiff's motion for an extension of time to complete service of process and to continue the November 3, 2026, status conference (ECF No. 5) be GRANTED IN PART:

(1) Plaintiff SHALL have two weeks from the date of this order to complete service of process upon Defendants and file proofs of service on the docket; and

(2) The November 3, 2026, scheduling conference is CONTINUED until January 12, 2026, at 9:30 AM in Courtroom 8 (FJS) before Magistrate Judge Frank J. Singer; and

a. The parties shall file a joint scheduling report seven (7) days prior to the conference. The parties shall appear at the conference remotely by telephone. The parties will be provided with the telephonic conference information by the courtroom deputy prior to the conference. The conference number and password are confidential and are not to be shared.

IT IS SO ORDERED.

Dated: **October 23, 2026**

UNITED STATES MAGISTRATE JUDGE